**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 26, 2023

Gregory V. Varallo, Esquire
Andrew E. Blumberg, Esquire
Bernstein Litowitz Berger &
  Grossman LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Kimberly A. Evans, Esquire
Block & Leviton LLP
3801 Kennett Pike, Suite C-305
Wilmington, DE 19807

Brian C. Ralston, Esquire
Daniel M. Rusk, IV, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

John B. Cicero, Esquire
Chipman Brown Cicero & Cole LLP
1212 North Market Street, Suite 5400
Wilmington, DE 19801

Elena C. Norman, Esquire
Alberto E. Chavez, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

John L. Reed, Esquire
Ronald N. Brown, III, Esquire
Kelly L. Freund, Esquire
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801

Raymond J. DiCamillo, Esquire
Kevin M. Gallagher, Esquire
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

> RE:  *In re Madison Square Garden Entertainment Corp. Stockholders
>       Litigation*, Consol. C.A. No. 2021-0468-LWW

Dear Counsel,

I write regarding the manner of providing notice proposed in the Stipulation

and Agreement of Settlement, Compromise, and Release (the "Stipulation"). The

Stipulation contemplates the settlement of the above-captioned derivative action in return for payment of $85,000,000 to nominal defendant Madison Square Garden Entertainment Corp. ("MSGE").[1] Paragraph 10 of the Stipulation states:

> [N]o later than ten (10) calendar days following the date of entry of the Scheduling Order, (i) MSGE shall file a copy of the Notice as an exhibit to a Form 8-K with the United States Securities and Exchange Commission; (ii) MSGE shall cause this Stipulation and the Notice to be posted on the "Investor Relations" section of MSGE's website, which documents shall remain posted on MSGE's website through the Effective Date of the Settlement; and (iii) Plaintiff's Co-Lead Counsel shall cause this Stipulation and the Notice to be posted on Plaintiff's Co-Lead Counsel's respective websites, which documents shall remain posted on Plaintiff's Co-Lead Counsel's respective websites through the Effective Date of the Settlement.

On April 20, 2023, a letter was filed on behalf of all parties explaining why the parties believe that this method of notice by publication—rather than a mailing—is appropriate.[2] On May 22, I sent a letter to counsel asking whether giving notice by email or social media would be a viable option.[3] On May 24, counsel informed me that MSGE does not have email addresses for the "known or unknown beneficial stockholders of record" and that the company—now known as Sphere Entertainment

---

[1] Dkt. 456 ("Stipulation").

[2] Dkt. 457.

[3] Dkt. 461. This case was reassigned to me on May 11, 2023. Dkt. 460.

Co.—has a "very limited social media presence, making providing notice to stockholders in that manner impractical."[4]

Court of Chancery Rule 23.1(c) provides that "notice by mail, publication or otherwise of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the Court directs."[5] "[I]n the context of a proposed settlement, the Court typically enters a scheduling order that, in addition to setting a date for a settlement hearing, tentatively approves the form and content of the notice and sets forth the manner in which notice is to be given."[6] Upon consideration, I believe that notice to record holders by mailing and to beneficial holders by publication is the best notice practicable under the circumstances of this case and satisfies the requirements of both Rule 23.1 and due process.

With regard to the company's roughly 700 record holders, a mailing of the Notice of Pendency and Proposed Settlement of Stockholder Derivative Action (the "Notice")[7] is required. "The corporation has ordinarily discharged its obligation

---

[4] Dkt. 464.

[5] Ct. Ch. R. 23.1(c).

[6] Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 13.03[e] (2022); *see also* Edward P. Welch et al., *Mergers & Acquisitions Deal Litigation Under Delaware Corporation Law* § 11.01[C] (2022) ("The Court of Chancery generally gives its approval in the scheduling order to the method by which the notice is to be disseminated.").

[7] Stipulation Ex. B.

under Delaware law when it mails notice to the record owner." [8] MSGE acknowledges that it "does occasionally communicate with stockholders of record by paper mail as appropriate," including providing "proxy statements to record holders by paper mail."[9] Further, the estimated cost of mailing copies of the Notice to record holders (between $75,000 and $83,876) is modest.

I will, however, permit the company to provide notice to beneficial holders by publication. In my view, this distinction is proper since beneficial holders have opted to "take[] the risks attendant upon such an arrangement, including that [they] may not receive notice of corporate proceedings."[10] It is also sensible. The burden and expense that a mailing would impose on the nominal defendant outweighs any

---

[8] *Am. Hardware Corp. v. Savage Arms Corp.*, 136 A.2d 690, 692 (Del. 1957); *see In re Activision Blizzard, Inc. S'holder Litig.*, 124 A.3d 1025, 1061 (Del. Ch. 2015) ("Notice need only be sent to record holders."); *Sauerland v. Bluefly, Inc.*, C.A. No. 8743-VCL, ¶ 3(a) (Del. Ch. Feb. 6, 2018) (ORDER).

[9] Dkt. 464 at 2-3. In certain instances, a paper mailing to record holders has not been required where the company communicates with stockholders using the Securities and Exchange Commission's "notice only" option. *E.g.*, *Franchi v. Barabe*, C.A. No. 2020-0648-KSJM (Del. Ch. May 3, 2022) (ORDER); *Thiele v. Kashiv Biosciences, LLC*, C.A. No. 2022-0272-LWW (Del. Ch. May 15, 2023) (ORDER) ("Amneal does not normally distribute paper materials to its stockholders but communicates through the 'notice only' option offered by the SEC to avoid the cost and expense of mailing, which has successfully produced a quorum for annual meetings.").

[10] *Am. Hardware Corp.*, 136 A.2d at 692; *see In re Prot. One, Inc. S'holders Litig.*, C.A. No. 5468-VCS, at 59-63 (Del. Ch. Oct. 6, 2010) (TRANSCRIPT) ("If you want to get notice of a settlement, you become a record holder."); *see also Enstar Corp. v. Senouf*, 535 A.2d 1351, 1354-55 (Del. 1987); *Applebaum v. Avaya, Inc.*, 812 A.2d 880, 889 (Del. 2002).

marginal benefit.  As of June 30, 2022, there were over 27 million shares of MSGE

Class A common stock outstanding.[11]  MSGE averages trading volumes in the

hundreds of thousands of shares per day.[12]

This court has permitted notice of the settlement of a derivative action to be

given by publication rather than by a mailing.[13]  Courts in other jurisdictions have

likewise held that "[i]n a derivative action, a court may determine that notice of a

proposed settlement by publication is appropriate under the circumstances." [14]

Various federal courts have approved notice by publication as long as "such notice

would be sufficient to reach the majority of interested stockholders."[15]  Courts have

---

[11] Dkt. 457 at Ex. 6 (MSGE Form 10-K, at Cover Page).

[12] *See* Dkt. 457 at 4.

[13] *E.g.*, *Rux v. Meyer*, C.A. No. 11577-CB (Del. Ch. Oct. 23, 2019) (ORDER) (approving notice without a mailing where the company had a significant number of shares outstanding and a mailing would cost several hundred thousand dollars); *Kistenmacher v. Atchison*, C.A. No. 10437-VCS, ¶¶ 5-6 (Del. Ch. Mar. 12, 2020) (ORDER) (approving notice by publication as the "best notice practicable under the circumstances"); *Kistenmacher v. Atchison*, C.A. No. 10437-VCS, at 15 (Del. Ch. May 21, 2020) (TRANSCRIPT) (expressing the court's satisfaction that "the stockholders have received notice of the settlements, its terms, and the proceedings in this Court"); *In re Sanchez Energy Deriv. Litig.*, C.A. No. 9132-VCG, ¶¶ 5-6 (Del. Ch. Aug. 16, 2017) (ORDER) (approving notice by publication as "due and sufficient notice").

[14] *Arace v. Thompson*, 2011 WL 3627716, at *4 (S.D.N.Y. Aug. 17, 2011) (rejecting an argument that notice of a derivative settlement by publication was inadequate).

[15] *In re Wells Fargo & Co. S'holder Deriv. Litig.*, 445 F. Supp. 3d 508, 517-18 (N.D. Cal. 2020) (approving notice by publication), *aff'd*, 845 F. App'x 563 (9th Cir. 2021); *see also In re Hewlett-Packard Co. S'holder Deriv. Litig.*, 716 F. App'x 603, 608 (9th Cir. 2017) (rejecting an argument that notice by mailing was required); *Pfeiffer v. Alpert*, 2011 WL 13382329, at *3 (D. Del. Aug. 3, 2011) (approving notice by publication).

also recognized that cost-effective forms of notice, such as by Form 8-K and website posting, can "accomplish the purposes of the notice requirement, but save considerable expense over the alternatives of direct mail or purchasing advertising space in a national newspaper."[16]

Here, the Stipulation contemplates that MSGE will file a Form 8-K attaching the Notice and that the Notice will be posted on the company's investor relations webpage and on the website of the plaintiff's co-lead counsel. The Form 8-K is an effective means of notice, as MSGE typically uses Form 8-K filings to communicate material information to current stockholders. The website postings provide for additional, economical channels of notice.

To ensure that stockholders receive a sufficient amount of information about the settlement, the company shall also post a copy of the Stipulation on its website continuously through the date of the settlement hearing. Further, the Form 8-K shall note that the Stipulation can be found on the company's website and include the webpage address. The Notice shall also state that the Stipulation can be found on the company's website and include the webpage address.[17]

---

[16] *Bushansky v. Armacost*, 2014 WL 2905143, at *6 (N.D. Cal. June 25, 2014).

[17] If the company had the ability to communicate with beneficial holders by email or had an active social media presence, those cost-effective methods would have been added ways to provide notice. *E.g.*, *Franchi*, C.A. No. 2020-0648-KSJM (approving notice of a settlement by Form 8-K, website posting, and social media); *Thiele*, C.A. No. 2022-0272-

Of course, there have been many instances where a mailing—including to beneficial holders—was deemed the best notice practicable under the circumstances.[18]  This is not such a case.  In the context of this derivative action, notice by a mailing to record holders coupled with notice by publication is sufficient.

A scheduling order providing for this manner of notice will be entered after the parties secure a settlement hearing date from chambers.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor


cc:    All Counsel of Record, via File&Serve*Xpress*
       All Counsel of Record in C.A. No. 2021-0575, via File&Serve*Xpress*

---

LWW (same); *Lao v. Dalian Wanda Grp. Co.*, C.A. No. 2019-0303-JTL (Del. Ch. Sept. 28, 2022) (ORDER) (permitting supplemental notice to be issued by Form 8-K, website posting, and social media).  There are undoubtedly other means to provide electronic notice that may be worth consideration in future matters.

[18] *E.g.*, *In re AMC Ent. Hldgs., Inc. S'holder Litig.*, Consol. C.A. No. 2023-0215-MTZ, at 4 (Del. Ch. Apr. 28, 2023) (observing in a putative class action that notice by publication would be inconsistent with a central theory of the complaint).